UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| JOANN G.,[1] § § Plaintiff, § § v. § § KILOLO KIJAKAZI, § Acting Commissioner of Social Security,[2] § Defendant. § | Civil Action No. 6:20-CV-00073-H-BU |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Joann G. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters. *See* Dkt. No. 5. The undersigned granted Plaintiff leave to proceed without local counsel. Dkt. No. 6. The parties have not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court remand the Commissioner's decision for further administrative proceedings.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

I. BACKGROUND

Plaintiff alleges that her disability began June 30, 2014. *See* Administrative Record, Dkt. No. 21-1 ("Tr.") at 24. Plaintiff applied for Title II Disability Insurance Benefits on September 5, 2016. *Id.* After her application was initially denied on July 6, 2017, Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* That hearing was held on September 10, 2019, with Plaintiff appearing in San Angelo, Texas, with the ALJ sitting remotely in Fort Worth, Texas. Tr. 49-72.

At the time of the hearing, Plaintiff was 46 years old. Tr. 51. She graduated from high school and completed some college classes. Tr. 51. A vocational expert ("VE") testified that Plaintiff had past work experience as a nurse aid, receptionist, and cashier/short-order cook. Tr. 68-69.

The ALJ found that Plaintiff was not disabled and was not entitled to disability benefits. *See* Tr. 49-72 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2014, the alleged disability onset date.[3] Tr. 26. At step two, the ALJ found the Plaintiff had several severe impairments including lumbar degenerative disc disease, status-post lumbar fusion; status-post labral repair of right shoulder with osteoarthritis; obesity; cervical spondylosis; history of right hip displacement and left fibula fracture, status-post motor vehicle accident in June 2014; bilateral carpal tunnel syndrome; bilateral knee disorder; post-traumatic stress disorder; and depression. Tr. 26.

---

[3] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

2

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. Tr. 27. Also during this step, the ALJ evaluated the severity of Plaintiff's mental impairments using the Psychiatric Review Technique ("PRT") and whether those impairments satisfy the criteria of listing 12.04 and 12.15. Tr. 27. The ALJ evaluated the criteria's four areas and found the Plaintiff had mild limitation in all areas except for a moderate limitation in adapting or managing oneself. Tr. 27-28.

The ALJ also determined the Plaintiff had the residual functional capacity ("RFC") to perform a light work with the following limitation:

> "She is able to lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to stand and walk for 6 hours in an 8-hour day and sit for 6 hours in an 8-hour workday. She can perform occasional overhead reaching and occasional pushing or pulling with the right arm. She can occasionally climb ramps and stairs but never climb ladders or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She can occasionally operate a vehicle."

Tr. 29.

The ALJ based his opinion on medical records, the Social Security Administration's ("SSA") medical examining and non-examining medical and mental health consultants, psychological consultative examiner, vocational expert testimony, and the Plaintiff's testimony. Tr. 29-33. At step four, with the assistance of the vocational expert's testimony, the ALJ found the Plaintiff capable of performing past relevant work. Tr. 33-34. Accordingly, the ALJ determined that Plaintiff had not been under disability, as defined by the Social Security Act, for the period in question. Tr. 34-35.

Plaintiff appealed the ALJ's decision to the Appeals Council. Tr. 1-6. The Appeals Council denied Plaintiff's request for review on June 15, 2020, and Plaintiff timely filed this action in federal district court. *Id.*

## II.    LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520 (2017); *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

III.  ANALYSIS

Plaintiff challenges the ALJ's decision on two issues: (1) the RFC to perform light work is not supported by substantial evidence; and (2) the few mental limitations in the RFC are not supported by substantial evidence. Dkt. No. 16 at 1. Plaintiff argues that both issues constitute reversible error. *Id*.

In her first issue, Plaintiff argues that the RFC is not supported by substantial evidence showing Plaintiff's ability to perform light work because the ALJ refused to follow restrictions from treating physician, Drs. Defee, and the state agency medical consultants, Drs. Childs and Pacl. *Id*. at 10-11. The RFC is further unsupported, Plaintiff asserts, because the ALJ failed to analyze the effect of Plaintiff's obesity on her other severe impairments as required by SSR 19-2p, which states that the ALJ must assess "the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment."[4] *Id.* at 12. Because Plaintiff has injuries to her right knee, a history of lumbar spinal fusion surgery, and arthritis, in addition to on-going edema and swelling of her lower extremities, her obesity would be expected to affect her ability to stand and walk as required by light work. *Id.* at 11.

In Plaintiff's second issue, she argues that the RFC's mental limitations are not supported by substantial evidence because it does not properly account for Plaintiff's

---

[4] Both Plaintiff and the Commissioner cite SSR 19-2p as the controlling ruling on obesity evaluation. The Court determines, however, that the Social Security Administration issued SSR 19-2p on May 20, 2019. See. SSR 19-2p, 2019 WL 2374244. Because SSR 19-2p only applies after May 20, 2019, it "lacks restroactive effect." *Ramirez v. Comm'r of Soc. Sec.*, No. 5:18-CV-2140, 2019 WL 5802512, at *13 fn.8 (N.D. Ohio June 19, 2019), report and rec. adopted, No. 5:18-CV-2140, 2019 WL 4593528 (N.D. Ohio Sept. 23, 2019). Therefore, the Court applies SSR 02-1p, the Administration's prior controlling ruling, to Plaintiff's claim filed on September 5, 2016. *See* SSR 02-1P, 2002 WL 34686281 (Sept. 23, 2002).

documented more severe impairments. *Id.* at 1. Drs. Reddy and Miller found Plaintiff had moderate or marked limits in mental assessment categories, and each concluded that Plaintiff's mental functions should be restricted to only unskilled work. *Id.* at 13. When the ALJ failed to include those assessments in the RFC, the resulting RFC limitations lacked substantial evidence support. *Id.*

In response, the Commissioner argues that the ALJ did account for Plaintiff's credible physical and mental limitations in the RFC. Dkt. No. 21 at 4. The Commissioner argues that the ALJ properly considered many factors in determining the RFC, and the record as a whole showed Plaintiff's limitations were mild, or contradicted by Plaintiff's testified abilities. *Id.* at 4-5. The Commissioner asserts that the ALJ satisfied the review required by SSR 19-2p because he stated he considered Plaintiff's obesity, determined it a severe impairment, and accommodated its affect with the RFC limitation to light work rather than a more strenuous form work range. *Id.* at 5.

In her reply, Plaintiff argues that the ALJ did not properly consider relevant medical record evidence because the ALJ failed to analyze reports from the state agency medical consultants who are highly qualified experts in Social Security disability evaluations. Dkt. No. 22 at 1. Similarly, Plaintiff states the ALJ failed to properly analyze and explain the RFC's departure from the state agency psychological consultants' recommended mental ability limitations. *Id.* at 3.

The purpose of an RFC is to determine the most an individual can do despite their limitations. SSR 96-8P, 1996 WL 374184, at *1 (1996). To determine an individual's RFC, an ALJ will consider all evidence, and then determine what evidence is consistent, and if

that evidence is sufficient to determine disability. 20 C.F.R. § 404.1520b(a) (2017). The ALJ will also determine what evidence is incomplete or inconsistent and how to best evaluate and manage that evidence or whether to use that evidence at all. *Id.* at (b)-(c). An RFC must be based on all relevant evidence and consistent with both objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529, 416.920c (2017).

Under the Social Security review standards, an ALJ must assess the effect obesity has on a claimant's ability as reflected in the RFC. SSR 02-1P, 2002 WL 34686281, *3 (Sept. 12, 2002) . The ALJ must evaluate obesity and its potentially limiting effect over time on the "ability to sustain function over time." *Id.* at *4. Once the ALJ analyzes the claimant's medical records of obesity and its effect, particularly on related impairments such as knee and spine issues, the RFC must reflect that evaluation. *Id.*

Here, Plaintiff's evidence shows that her recorded height and weight represent a body mass index between 44 to 51, in the extremely obese range. *See* Dkt. No. 16 at 11. Plaintiff's medical records show that, after her motor vehicle accident in 2014, she sustained injuries to her right hip, right knee, and lumbar spine. *Id.* at 3 (citing Tr. 725-732, 2149-53.). Those injuries continue to cause weakness, pain, and difficulty ambulating, as well as swelling and edema, as shown in many medical records and Plaintiff's hearing testimony. *Id.* at 4; Tr. 53-55. Plaintiff also testified that her increased weight contributed to weakness in her legs and pain when standing. Tr. 65.

While the ALJ noted Plaintiff's obesity, stating that he "considered the claimant's obesity and the combined effects of all her impairments at all steps," the ALJ made no other mention in the decision of the Plaintiff's extreme obesity and its effect on her physical

movements in a workplace setting. Tr. 26. With no analysis or review of medical evidence regarding obesity's effect on Plaintiff's joints, spine, and other noted severe impairments, the ALJ failed to satisfy the standards in SSR 02-1P. *See Walford v. Astrue*, No. 3-09-CV-0629-BD, 2011 WL 2313012, at *5 (N.D. Tex. June 10, 2011) (remanding case where the ALJ did not consider the effect of plaintiff's obesity on her knee pain and mobility problems, and therefore failed to comply with SSR 02-1P). Because the ALJ was required to consider Plaintiff's obesity and its effect on her functional capacity and failed to do so, this constitutes legal error.

Because the ALJ failed to follow the review required, the undersigned is unable to determine whether and to what extent the ALJ adequately analyzed Plaintiff's obesity in determining her RFC. Proper inclusion of the effect of Plaintiff's obesity in the RFC could have resulted in a different outcome at step four, and thus the undersigned cannot conclude that this error is harmless.

Accordingly, the undersigned recommends that the hearing decision be reversed and remanded for further administrative proceedings. On remand, the undersigned recommends that "the interaction or cumulation of all of [Plaintiff's] mental and physical medical problems and impairments" be considered in the ALJ's determination. *Loza*, 219 F.3d 378, 399 (5th Cir. 2000).

Because the undersigned finds reversible error in the first issue, analysis of Plaintiff's second issue is not necessary.

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be REMANDED. Because all parties have not consented to proceed before a

United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge James Wesley Hendrix in accordance with normal procedures

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be REVERSED, and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions as to the issue of panic attacks, agoraphobia, and Plaintiff's problems leaving the home. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge James Wesley Hendrix in accordance with normal procedures.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 13th day of December, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE