UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JOANN G.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00073-H-BU |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security,[2] | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff JOANN G. filed this action seeking judicial review of an unfavorable decision of the Commissioner of Social Security regarding her Title II Social Security disability insurance benefits. *See* Dkt. Nos. 1, 16. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters.

After reviewing Plaintiff's and Commissioner's briefs, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending that the ALJ's decision be reversed and remanded for further administrative action under the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. No. 23. The Honorable

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.
[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

United States District Judge James Wesley Hendrix accepted the FCR, rejecting only the FCR's reference to "panic attacks, agoraphobia, and Plaintiff's problems leaving the home," and remanded the case to the Commissioner for further proceedings including but not limited to "obesity's effect on Plaintiff's joints, spine, and other noted severe impairments." Dkt. No. 24 at 2.

Now before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), filed April 18, 2022. Dkt. No. 26. District Judge Hendrix referred the Motion to the undersigned for resolution. Dkt. No. 27.

In the brief supporting the Motion, Plaintiff asserts that attorney's fees are justified because Plaintiff is the prevailing party and the Social Security Administration's position was not substantially justified. Dkt. No. 26 at 1. Plaintiff seeks recovery for 37.7 hours of attorney services, and $400 in court costs. *Id*. at 4.

Plaintiff certifies that the Commissioner does not object to the hourly rate, and the Commissioner did not file a response brief. *See id*. at 2. Plaintiff seeks $187.12 per hour, reflecting the appropriate cost-of-living adjustment. *Id*. at 2. Thus, Plaintiff requests EAJA fees totaling $7,054.42, and $400 in court costs. *Id*. at 4. Plaintiff attached an itemized list of services rendered. *See* Dkt. No. 26-1. The undersigned has independently determined that the hourly rate and the number of hours sought by Plaintiff are reasonable.

Having considered the Motion, the undersigned is of the opinion that it be GRANTED. Accordingly, the undersigned RECOMMENDS that Plaintiff be awarded $7,054.42 in fees and $400 in court costs.

## RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 16th day of May, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE